IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISON

| | | |
|---|---|---|
| FAMILY MEDICINE PHARMACY LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No: |
| GULF COAST PHARMACEUTICALS PLUS, LLC | ) ) ) ) | JURY DEMAND |
| Defendant. | ) | |

## CLASS ACTION COMPLAINT

**COMES NOW**, Family Medicine Pharmacy (hereinafter "Plaintiff" or "Family") and files this present class action against Gulf Coast Pharmaceuticals Plus, LLC (hereinafter "Defendant") seeking damages and injunctive relief pursuant to the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 221, as amended by the Junk Fax Prevention Act of 2005 (hereinafter "the Act"), and allege the following:

### I. PARTIES

1. Plaintiff Family is a limited liability company organized and validly existing under the laws of Alabama, and located in Clarke County, Alabama.

2. Defendant is a limited liability company organized and validly existing under the laws of the State of Mississippi. Upon information and belief, Defendant's

1

offices are located in Jackson County, Mississippi. Upon information and belief, Defendant's primary activities involve advertising to persons and entities in an effort to generate sales leads for its discounted pharmaceutical products.

3. Defendant conducts and solicits business in Alabama.

## II. JURISDICTION AND VENUE

4. This Honorable Court has jurisdiction over the subject matter of the federal claims asserted herein pursuant to 28 U.S.C. §1331 (federal question), and pursuant to the Act.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) as a substantial part of the events giving rise to the claim occurred in this District.

6. Defendant has purposely availed itself of this Honorable Court by conducting activities in this forum- namely sending unsolicited facsimiles to Plaintiff and to putative class members.

## III. BACKGROUND

7. In 2009, the Junk Fax Prevention Act was signed into law, and served to amend the Telephone Consumer Protection Act of 1991 to prohibit fax transmissions containing unsolicited advertisement.

8. Specifically, the Act makes it unlawful for Defendant to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to another telephone facsimile machine in the United States.

9. An unsolicited advertisement is "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission." 47 U.S.C. §227(a)(5).

10. Even with consent, the Act requires an opt-out notice. The Act makes it unlawful for Defendant to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to another telephone facsimile machine in the United States where said advertisement fails to provide the recipient with a cost-free mechanism to opt out of receiving said transmissions in the future. 47 U.S.C. §227(b)(1)(C)(iii).

11. Numerous courts have held that individuals acting on behalf of a corporation may be held personally liable for violations of the Act where they had direct, personal participation in, or personally authorize the conduct found to have violated the Act, or where they set company policy and oversaw day-to-day operations that violate the Act.

12. The Act provides a private right of action to enforce its provisions. 47 U.S.C. §227(b)(3).

## IV. FACTUAL OVERVIEW

13. According to information and belief, Defendant utilizes "fax blasting" activities to generate sales leads for its discounted pharmaceutical products.

3

14. According to information and belief, Defendant's "fax blasting" activities include the transmission of thousands of unsolicited facsimiles throughout the country, including to telephone facsimile machines located in the State of Alabama, in an intentional and persistent course of conduct, to Plaintiff and the putative class members.

15. Said activities directed to Plaintiff's facsimile machines and other facsimile machines nationally have violated certain provisions of the TCPA.

16. Specifically, on September 22, 2015, Defendant faxed four (4) advertisements to Plaintiff, annexed hereto as Exhibit A, advertising the commercial availability of Defendant's discounted pharmaceuticals products.

### IV. PLAINTIFF'S CLASS ALLEGATIONS

17. The Plaintiff adopts and incorporates herein by reference all allegations contained hereinabove.

18. The Class which the named Plaintiff seeks to represent consists of any and all individuals who, from 2005 to the present, received one or more unsolicited advertisements via facsimile from Defendant.

19. The members of the Class are so numerous that joinder of all members is impracticable.

20. As of this time, the exact number in the Class is unknown but, according to information and belief, there would be more than one thousand.

4

21. The Plaintiff treatment by the Defendant is typical of the members of the Class. Specifically, the Plaintiff is a recipient of unsolicited advertisements from the Defendant.

22. The Plaintiff will fairly and adequately protect the interests of the class and have retained counsel who are competent and experienced in class litigation. The Plaintiff has no interests that are adverse or antagonistic to the Class.

23. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Since the statutory damages suffered by many Class members may be small (namely $500 per occurrence), the expense and burden of individual litigation makes it virtually impossible for the Class members individually to seek redress for the wrongful conduct alleged. The Act's intent to penalize abusive practices via telemarketing and unsolicited "junk faxing", as documented in the legislative record, is realized through the class action mechanism in this matter.

24. Common questions of law or fact exist as to all members of the Class, and predominate over any questions that only affect individual members of the Class. Among the questions of law or fact common to the Class are:

    a.    Whether Defendant is in violation of the Act?

    b.    Whether class members were recipients of unsolicited advertisements via facsimile?

      c.    Whether the advertisements failed to provide opt-out provisions?

25. The Plaintiff knows of no difficulty that will be encountered in the management of this litigation which would preclude its maintenance as a Class Action.

26. Notice can be provided to the Class members via First Class U. S. mail, notice by publication, e-mail notice, or other appropriate means as may be directed by the Court.

## COUNT I-

## DEFENDANT'S VIOLATION OF THE

## THE ACT- UNSOLICITED FACSIMILES

27. The Plaintiff adopts and incorporates herein by reference all allegations contained hereinabove.

28. The Act makes it unlawful for Defendant to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to another telephone facsimile machine in the United States.

29. Defendant did not have an Established Business Relationship, as that term is defined by the Federal Communications Commission or in Act, with Plaintiff. True and correct copies of the Unsolicited Facsimiles received by Plaintiff are annexed hereto as Exhibit "A'" and incorporated herein by reference.

30. Said transmission of the Unsolicited Facsimiles, as provided for in Exhibit A, was made without the consent of the Plaintiff, and according to information and belief, without the assent of putative class members.

31. In addition, said unsolicited facsimiles failed to provide the notice of an opt-out opportunity as required by the Act.

31. According to information and belief, Defendant's facsimile machines, computers, and other devices are utilized to send unsolicited and authorized promotions to putative class members across the United States to secure leads for future business within the United States, including within the State of Alabama.

32. As a result of said conduct, Plaintiff and putative class members are entitled to statutory damages for each TCPA violation pursuant to 47 U.S.C- §227(b)(3).

33. Defendant's actions and/or those of their agents have shown that Defendant willfully or knowingly violated the TCPA. As such, Plaintiff and putative class members are entitled to treble statutory damages pursuant to 47 U.S.C. §227(3)(c). Plaintiff and putative class members are also entitled to the creation of a Defendant-funded and Court-supervised, whether by the Court or a master appointed thereby, monitoring and compliance mechanism to ensure Defendants' compliance with the Act.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff respectfully prays that this Honorable Court will take jurisdiction of this cause and upon the final hearing:

a. certify this matter as a proper class action maintainable under Rule 23 of the Federal Rules of Civil Procedure;

b. declare that the Defendant's practice of sending unsolicited facsimiles to telephone facsimiles nationwide is in violation of the Act;

c. award to the Plaintiff and putative class members damages under the Act or other such applicable laws;

d. award to the Plaintiff and putative class members the cost of this matter, including reasonable attorneys' fee;

e. issue a permanent injunction enjoining the Defendant from sending facsimiles in a nature which is violative of the Act; and

f. award to the Plaintiff and the putative class members such other, further and more general relief as the Court may deem appropriate under these circumstances.

g. award to the Plaintiff and the putative class members such other, further and more general relief as the Court may deem appropriate under these circumstances.

Respectfully submitted this the 2nd Day of December 2015.

/s/James H. McFerrin
James H. McFerrin

OF COUNSEL
**McFERRIN LAW FIRM, LLC**
265 Riverchase Parkway East
Suite 202
Birmingham, Al 35244
T: (205) 870-5704
F: (205) 985-5093
jhmcferrin@bellsouth.net

/s/Diandra S. Debrosse-Zimmermann
Diandra S. Debrosse-Zimmermann

OF COUNSEL
**ZARZAUR MUJUMDAR & DEBROSSE**
2332 2nd Avenue North
Birmingham, Alabama 35203
T: 205-983-7985
F: 888-505-0523
fuli@zarzaur.com

9

## CERITIFICATE OF SERVICE

I hereby certify that on this the 2nd day of December 2015, a copy of the above and foregoing has been served on the following by sending this date a copy of the same by First-Class U.S. Mail, postage prepaid and properly addressed as follows:

**Gulf Coast Pharmaceuticals Plus, LLC**
c/o Registered Agent: Business Filings International, Inc.
645 Lakeland East Drive #101
Flowood, MS 39232

/s/Diandra S. Debrosse-Zimmermann
Diandra S. Debrosse-Zimmermann